Filed 11/3/22  P. v. Webb CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B319013 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA084058) |
| v. | |
| RICHARD DEVONN WEBB, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed.

Matthew Alger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

A jury in 2012 convicted Richard Devonn Webb of the first degree murder of Dante Page Sr. with true findings that Webb had personally and intentionally discharged a firearm causing the death of his victim and the crime had been committed for the benefit of a criminal street gang. On February 28, 2022, after appointing counsel for Webb and receiving a responding brief from the prosecutor, the superior court denied Webb's petition for resentencing pursuant to Penal Code former section 1170.95 (now section 1172.6),[1] finding Webb had failed to make a prima facie case and was ineligible for relief as a matter of law because he had been convicted of first degree murder as the actual shooter, not on a theory of felony murder or natural and probable consequences.

No arguable issues have been identified following review of the record by Webb's appointed appellate counsel. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Webb in his supplemental brief. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Webb's Conviction for the Murder of Dante Page Sr.*

The evidence at Webb's trial established that the victim's son, Dante Page Jr., had been Webb's codefendant in an earlier murder case. With the encouragement of Page Sr., Page Jr. negotiated a resolution of his charges with the People and agreed

---

[1]     Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.)

Undesignated statutory references are to the Penal Code.

to testify against Webb. While in custody awaiting trial in that earlier case, Webb told his cellmate he was going to "get" Page Sr.

Webb was found not guilty in the earlier case in May 2008. (Page Jr., pursuant to his plea agreement, was serving a significant prison term.) Several months later Webb confronted Page Sr. at a Long Beach barber shop. The two men argued, and Webb shot and killed Page Sr.

More than one year later, in November 2009, after an argument with his girlfriend Sabrina Hines, Webb shot a hole in the front window of her apartment. Webb was arrested. The revolver he was carrying was established to be the gun used to murder Page Sr.

Webb was charged in an information filed in May 2020 with the first degree murder of Page Sr. (§ 187, subd. (a)) with the additional allegations he had personally and intentionally discharged a firearm proximately causing the death of his victim (§ 12022.53, subd. (d)) and had committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)); shooting at an inhabited dwelling (Hines's apartment) (§ 246); the attempted willful, deliberate and premeditated murder of Hines (§§ 187, subd. (a), 664); two counts of felony child abuse (§ 273a, subd. (a)); and several additional felony and misdemeanor offenses. The prosecutor tried the murder case on the theory Webb, motivated by revenge, had committed a willful, deliberate and premeditated murder. As reflected in an exhibit attached to Webb's petition, the jury was instructed with CALCRIM No. 8.11 on the definitions of express and implied malice. Another exhibit to Webb's petition documents the trial court's refusal to instruct with CALCRIM Nos. 3.00 and 3.01, aiding and abetting, or with CALCRIM No. 3.02, liability under the natural and probable

3

consequences doctrine. Similarly, there was no felony-murder instruction (nor could there have been under the circumstances shown regarding Page Sr.'s killing).

The jury convicted Webb of first degree murder and found true the firearm-use and criminal street gang enhancements. The jury also found Webb guilty of discharging a firearm at an inhabited dwelling with a firearm-use allegation and both counts of child abuse, but not guilty of attempted murder. In a bifurcated proceeding Webb admitted he had suffered one prior serious felony conviction within the meaning of the three strikes law (§§ 667, subds. (b) –(i), 1170.12) and section 667, subdivision (a).

On the murder count and related firearm enhancement the trial court sentenced Webb as a second strike offender to an aggregate indeterminate state prison term of 75 years to life. Webb's total sentence was an aggregate indeterminate state prison term of 111 years four months to life.

On appeal we agreed with Webb the trial court erred in failing to strike the firearm-use enhancement on his conviction for discharging a firearm at an inhabited dwelling and had improperly calculated the assessments imposed at sentencing. We modified the judgment and affirmed it as modified. (*People v. Webb* (Feb. 20, 2013, B239549) [nonpub. opn.].)

2. *Webb's Postjudgment Motion for Resentencing*

On February 4, 2022 Webb, representing himself, filed a petition for resentencing pursuant to section 1172.6, checking boxes on the form establishing a facially sufficient case for resentencing relief, including the boxes stating he had been charged with murder by complaint, information or indictment that allowed the prosecution to procced under a theory of felony

4

murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 by Senate Bill No. 1437 (Stats. 2018, ch. 1015). Webb attached a handwritten memorandum of points and authorities and several exhibits, including the jury's verdict form and the instruction defining express and implied malice used at his trial.

The superior court appointed counsel to represent Webb. The prosecutor filed a response to the petition, arguing Webb was not eligible for relief because he had been tried and convicted as the actual killer and the jury additionally found Webb had personally and intentionally discharged a firearm killing the victim. The prosecutor pointed out that the jury had not been instructed on the natural and probable consequences doctrine or the felony-murder rule or even instructed that Webb could be found guilty of murder on an aiding and abetting theory. With the response the prosecutor included a disc with copies of the reporter's and clerk's transcripts from Webb's trial and this court's opinion on appeal.

Webb's appointed counsel declined the opportunity to file a further response.

The court's minute order for February 28, 2022 reflects a hearing was held on that date and the matter was argued and taken under submission. The court thereafter issued a memorandum of decision denying the petition, finding Webb was ineligible for relief as a matter of law "because he was the direct shooter. The defendant was not convicted on any theory of felony murder [or] natural and probable consequences."

5

Webb filed a timely notice of appeal.

## DISCUSSION

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Webb on appeal. After reviewing the record, appointed counsel filed a brief raising no issues. Appointed counsel advised Webb on August 29, 2022 that he had 30 days to submit a brief or letter raising any grounds of appeal, contentions or arguments he wanted the court to consider. We thereafter granted Webb an extension of time to file his supplemental letter brief.

On October 19, 2022 we received a six-page handwritten letter brief from Webb that argues his trial was fundamentally unfair and he is innocent of the murder of Page Sr. However, Webb does not dispute he was tried and convicted as the actual shooter of Page Sr. To the contrary, Webb's letter contends his trial counsel provided ineffective assistance because he did not argue Webb was at most an aider and abettor of the crime and objected to the court instructing the jury on principles of aiding and abetting, leaving the jury with the all-or-nothing choice of finding him guilty as the actual shooter or not guilty of any crime in connection with Page Sr.'s death.

The matters raised in Webb's letter brief, directed to the defense offered at trial, as well as claims of prosecutorial and judicial misconduct, do not address his eligibility for relief under section 1172.6, which applies only to individuals convicted of murder under the felony-murder rule or the natural and probable consequences doctrine, neither of which was at issue at his trial.[2]

---

[2] Webb's claims regarding the conduct of his trial are properly raised, if at all, in a petition for writ of habeas corpus.

As the superior court ruled, the record of conviction unequivocally established that Webb was Page Sr.'s actual killer.  As such, he is ineligible for resentencing as a matter of law.

Because no cognizable legal issues have been raised by Webb's appellate counsel or by Webb or identified in our independent review of the record, the order denying the postjudgment motion is affirmed.  (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.


PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.

7